UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOVER ANDRE YAWN,

    Petitioner,

v.                                          Case No. 8:11-cv-1736-T-23TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

In 2005 Yawn was convicted pursuant to a plea agreement (Doc. 20) and sentenced to 188 months in 8:05-cr-14-T-23MAP. (Doc. 36) In 2008 Yawn's motion for a sentence reduction under Amendment 706 of the Sentencing Guidelines was denied (Doc. 55) because he was sentenced as a career offender. In 2009 Yawn's motion to vacate under 28 U.S.C. § 2255 was denied in 8:09-cv-729-T-23MAP. (Doc. 65)

Now Yawn petitions for a writ of habeas corpus under 28 U.S.C. § 2241 and challenges his sentence. In this petition Yawn seeks to invoke the "savings clause" in Section 2255 to challenge the validity of his sentence and avoid the preclusion against pursuing a second or successive motion to vacate without the circuit court's permission. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). The preclusion barring a second or successive motion applies to this Section 2241 petition even though

the earlier case was a Section 2255 motion to vacate. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) (a defendant cannot "use § 2241 simply to escape the restrictions on second or successive § 2255 motions."). Yawn fails to show that he has obtained permission from the circuit court to file a second or successive motion to vacate.

Yawn argues that Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (2010), supports a challenge to his career offender sentence. A petitioner may obtain permission to file a second or successive motion to vacate if the new motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), but, as stated above, Yawn must obtain the required permission from the circuit court.

Yawn also argues that, based on Johnson, he is "actually innocent" of the career offender enhancement. Yawn's "actual innocence" argument lacks merit because Yawn must show that he did not commit the offense. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Actual innocence requires a showing that new evidence compels a finding of not guilty. "A petitioner's burden . . . is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006). Because his actual innocence argument is limited to only the sentence, Yawn shows no factual innocence of the criminal offense. Yawn's actual innocence argument is further precluded by Gilbert v. United States, 640 F.3d 1293,

1322-23 (2011) (en banc), which holds "that the Sawyer [v. Whitley, 505 U.S. 333 (1992)], actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied . . . ."

Accordingly, Yawn's petition for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The clerk shall enter a judgment and close this case.

ORDERED in Tampa, Florida, on August 5, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE